```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF SOUTH CAROLINA
```

| | | |
|---|---|---|
| Henry Golden Reese, | ) | C/A No. 2:09-00519-TLW-RSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| v. | ) | |
| | ) | |
| Mis. Heather Ann Neal; Mrs. Wanda Sueann Williams; Mis. Regnal Pottee, Ex-Lawyer; Mis. Wallis Avill, State Lawyer; Ms. Amy Millwood, D.S.S Worker, | ) ) ) ) ) ) | |
| Defendants. | ) | |

Henry Golden Reese (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff currently is incarcerated at Walker State Prison, a facility of the Georgia Department of Corrections, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names parties involved in his prior South Carolina criminal conviction as defendants. In this complaint, Plaintiff alleges double jeopardy, false imprisonment, and slander.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134,

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (en banc); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys, *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980).

2

Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

Although the history of Plaintiff's criminal convictions is unclear from the complaint, it appears that Plaintiff, who is currently incarcerated in the State of Georgia, brings this 42 U.S.C. § 1983 action because of a 1997 South Carolina conviction. It is difficult to discern exactly what relief Plaintiff is seeking. Factual allegations in the complaint are sparse, but assuming Plaintiff has alleged a violation of his constitutional rights, defendants Neal, Williams, Pottee and Avill are not

amenable to suit. Neal and Williams appear to be the victim and her mother who were involved in the Plaintiff's 1997 South Carolina conviction. Avill was the attorney representing the victim at Plaintiff's trial. Pottee was the public defender representing Plaintiff at his trial. None of these defendants are state actors, and therefore, a § 1983 action cannot be maintained against them.

In order to state a cause of action under § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir. 1980), (court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 317-24 & nn. 8-16 (1981) (public defender).

Because Neal, Williams, Pottee and Avill are not state actors, they should be dismissed as defendants in this case.

Additionally, this case should be dismissed as to defendant Millwood because Plaintiff fails to allege facts in support of a constitutional violation by this defendant. In any event, to the extent that Plaintiff may be seeking damages against Millwood, Plaintiff's recovery is barred by *Heck v. Humprhey*, 512 U.S. 477

(1994). In *Heck*, the Supreme Court held that a § 1983 claim attacking the constitutionality of a conviction or imprisonment does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486-87. Plaintiff does not allege that his conviction has been reversed, expunged, declared invalid, or called into question.

In fact, it appears that Plaintiff may be seeking appellate review of his state court conviction in this court. To the extent that Plaintiff may be attempting to challenge his 1997 South Carolina conviction or sentence, he cannot pursue this relief in a § 1983 action. Habeas relief must be sought through a separate action pursuant to 28 U.S.C. § 2254.[2] *See Preiser v. Rodriguez*, 411 U.S. 475 (1973) (discussing habeas corpus relief versus civil rights actions for state prisoners).

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and

---

[2] In the Order accompanying this Report, the Office of the Clerk of Court is being directed to provide Plaintiff with a set of habeas corpus forms in the event he seeks habeas relief. Limitations upon, and exhaustion requirements for, bringing a habeas action may be found at 28 U.S.C. §§ 2244 and 2254.

without issuance and service of process. *See Denton v. Hernandez*, 504 U.S. at 25; *Neitzke v. Williams*, 490 U.S. at 319; *Haines v. Kerner*, 404 U.S. at 519; *Todd v. Baskerville*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

_____<br>
Robert S. Carr<br>
United States Magistrate Judge

April 7, 2009
Charleston, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).